EXHIBIT

A

**STATE OF MAINE**

| | |
|---|---|
| SUPERIOR COURT | DISTRICT COURT |
| Cumberland _____ , ss. | Location _____ |
| Docket No. _____ | Docket No. _____ |

Lisa Goodman _____ Plaintiff

v.

Midcoast Senior Health _____ Defendant

**ACKNOWLEDGMENT OF
RECEIPT OF SUMMONS AND COMPLAINT
OR POST-JUDGMENT MOTION**
M.R. Civ. P. 4(c)(1)

### NOTICE

Please sign the acknowledgment below and return this form in the enclosed self-addressed stamped envelope so it will be received by the sender within 20 days from the day it was mailed to you. If you do not do this, you may be required by the Court to pay for the cost of serving the Summons and Complaint or Post-Judgment Motion on you.

**(Keep one copy of this form and the copy of the Complaint or Motion for your records.)**

### STATEMENT

By signing, dating, and returning this form, I state that I received a copy of the Summons and Complaint or a copy of the Post-Judgment Motion and that:

**AS TO ALL CIVIL COURT CASES, INCLUDING DIVORCE, JUDICIAL SEPARATION, PARENTAGE AND PARENTAL RIGHTS & RESPONSIBILITES,** I understand that if I do not file an answer to the Complaint or an objection to the Motion within the time limits established by statute or court rule and appear at all court conferences and hearings, then a judgment may be entered against me in my absence, and Plaintiff or the moving party may request that other orders be entered against me.

**AS TO DIVORCE, JUDICIAL SEPARATION, AND PARENTAGE AND PARENTAL RIGHTS & RESPONSIBILITIES CASES,** I understand that if I do not want to file an Answer to the Complaint, but I do want to be heard on issues of parental rights and responsibilities regarding my children, alimony, child support, counsel fees and division of marital and non-marital property, I must file an Entry of Appearance form and appear at all court conferences and hearings. I may file an Answer and Counterclaim (Forms FM-186/FM-187) to a divorce complaint or a parentage and parental rights and responsibilities' complaint. If I intend to file an Answer and Counterclaim, I understand it must be filed within 20 days of being served with the complaint. Answer and Counterclaim Forms FM-186 and FM-187 are available at any District Court or at www.courts.maine.gov

Date: 08/27/2020 _____

| |
|---|
| /s/ Tara A. Walker  (Bar No. 5099) |
| Signature |
| Address:  100 Middle Street, P.O. Box 9729 |
| Portland, ME 04104 |
| Phone: ( 207 ) 774-1200 |

### IMPORTANT WARNING

**YOU ARE RESPONSIBLE FOR NOTIFYING THE COURT CLERK OF ANY CHANGES TO YOUR ADDRESS AND TELEPHONE NUMBER. IF YOU DO NOT INFORM THE CLERK OF ANY CHANGES TO EITHER YOUR ADDRESS OR TELEPHONE NUMBER, IT MAY NOT BE POSSIBLE FOR YOU TO GET NOTICE OF COURT CONFERENCES AND HEARINGS.**

STATE OF MAINE                          CIVIL ACTION
CUMBERLAND, ss                          DOCKET NO. CV-20-


**LISA GOODMAN,**                       )
                                        )
    Plaintiff                       )
                                        )
                                        )     **COMPLAINT AND**
    v.                              )     **DEMAND FOR**
                                        )     **JURY TRIAL**
**MIDCOAST SENIOR HEALTH,**             )
                                        )
    Defendant                       )
                                        )
                                        )
                                        )


    **NOW COMES** Plaintiff, Lisa Goodman, by and through counsel, Sarah A. Churchill,

Esq., and complains against Defendant as follows:

## PARTIES

1.    Plaintiff, Lisa Goodman, is a resident of the town of Bath, Maine.

2.    Defendant, MidCoast Senior Health, is a corporation doing business in the State

of Maine more specifically in Brunswick, Maine.

## JURISDICTION

3.    This action arises under 5 M.R.S.A. §4572 et seq.

4.    This Honorable Court wields jurisdiction over each Defendant named herein

pursuant to 14 M.R.S.A. § 501 in that the events that give rise to this case occurred in

Cumberland County.

## STATEMENT OF FACTS

5.    Plaintiff began her employment with Defendant in 2014.

6.    Plaintiff held the position of Certified Nursing Assistant or CNA.

1

7. In the Fall of 2017 Shannon Dietz became the Director of Nursing and was the head supervisor that Plaintiff dealt with.

8. Plaintiff identifies as African American

9. Plaintiff made a complaint about a CNA named Tory who was sexually harassing a resident and generally had a poor work ethic.

10. For example, Tory would not show up for shifts, make up stories about other co-workers and not complete her work tasks.

11. Plaintiff was not the only person who complained about Tory.

12. To the best of Plaintiff's knowledge nothing was done about these complaints about Tory.

13. Ultimately Tory was fired in October of 2017 because she did not show up for work.

14. Plaintiff received discipline around this time that I did not agree with relating to complaint Tory made about Plaintiff.

15. During this period of time Ms. Diaz would look at Plaintiff with disgust and never believed any of the information that Plaintiff told her.

16. Ms. Diaz consistently sided with Tory who was white.

17. As far as Plaintiff knows there was never an investigation into the other complaints about Tory until later on in October of 2017.

18. In July of 2017, the prior Director of Nursing, Heather Rubenson, told Plaintiff that she recommended Plaintiff for the med-tech course.

19. Plaintiff had an interview meeting for the med-tech course with Marianne Tempo, Drucilla Beal, and Shannon Diaz.

20.   During this meeting Plaintiff's references were reviewed and Plaintiff was asked questions.

21.   The list of criteria for the class indicated that Plaintiff should have been the top candidate.

22.   Plaintiff found out from a co-worker that she was not chosen for the class.

23.   This surprised Plaintiff because of Ms. Rubenson's recommendation and the fact that one of the nurses who gave her a reference was Drucilla Beal.

24.   Plaintiff went to the Human Resources Department to ask why she did not get the med-tech class.

25.   Plaintiff spoke to Joanne in human resources who told her that she would need to talk to Patricia Feldman, the Director of Human Resources, Plaintiff told Joanne that she felt like this was racial discrimination.

26.   Joanne was typing while Plaintiff was talking to her and she made me an appointment to speak to Patricia Feldman about this matter.

27.   During the meeting with Patricia Feldman Plaintiff asked why she did not get the med-tech course.

28.   Patricia Feldman could not give Plaintiff a full explanation.

29.   Patricia Feldman only told Plaintiff that she did not meet the qualification.

30.   Plaintiff and Patricia Feldman also discussed the complaints that Plaintiff made about Tory and it seemed clear from Patricia Feldman's reaction that she had no idea what Plaintiff was talking about.

31.   Shortly after that meeting with Patricia Feldman the State came in to investigate Tory and the sexual harassment allegations against her.

32.   This did not lead to Tory being fired because she was at work after the investigation was completed.

33.   Plaintiff met with Patricia Feldman again in December 2017 to talk to her about a scheduling issue because Plaintiff did not feel comfortable going to Ms. Diaz about it.

34.   Patricia Feldman said great things to Plaintiff about her performance and that they were surprised Plaintiff was still there after everything she went through with Tory.

35.   Patricia Feldman eventually agreed to assist Plaintiff with fixing this scheduling issue.

36.   On January 27, 2018 Plaintiff's mother died while she was traveling with Plaintiff's son who was 14 at that time.

37.   As a result of this loss Plaintiff developed Post Traumatic Stress Disorder.

38.   This diagnosis cause Plaintiff to have difficulty completing activities of daily living.

39.   This diagnosis of Post Traumatic Stress Disorder qualifies as a disability.

40.   Plaintiff called out of work due to the emotional difficulty in dealing with this situation.

41.   Plaintiff received FMLA paperwork and filled it out and completed it and returned it.

42.   Plaintiff was clear with Defendant that she did not know when she was going to come back to work and that when Plaintiff did come back she would need a modified schedule.

43.   Defendant marked Plaintiff as a call out for a shift that was during the FMLA leave.

44.   This act of marking Plaintiff as a call out was a denial of her rights under FMLA.

45.   Plaintiff went back to work on February 21, 2018 and was not given a modified schedule like Plaintiff had asked for.

46.   Plaintiff knew that Defendant had taken other people off the schedule when family members had died to give them time to grieve and given them modified schedules.

47.   Defendant constantly inquired of and pressured Plaintiff to come back to work.

48.   Plaintiff's first week back to work was rough.

49.   Plaintiff felt herself breaking down over time especially in April or May of 2018 in the lead up to Mother's Day.

50.   Plaintiff had a breakdown at work and asked to use the remainder of her FMLA time.

51.   Patricia Feldman was not available to talk to at that time so the only person Plaintiff could tell was the scheduler Marianne Tempo.

52.   Plaintiff was able to get all but 1 hour of her shifts covered between that day and Monday when I could next talk to Patricia Feldman about using her remaining FMLA time.

53.   Plaintiff reported to work on Monday to cover that one hour and found out she was put down as a call out even thought she got her shifts covered.

54.   Plaintiff spoke to Patricia Feldman and Kim, the administrator, and Plaintiff was told my work was slipping and that she should resign because they were going to terminate her.

55.   Plaintiff told Patricia Feldman and Kim that she had a breakdown on Friday and needed to take the rest of her FMLA leave.

56.   Plaintiff was denied the opportunity to take the rest of the FMLA leave at that time and given until Wednesday to think about what she wanted to do.

57.   Plaintiff then went and spoke to a different representative of human resources, Colleen Farrell, who gave her the rest of her FMLA leave and indicated that they would find me another position within the MidCoast family as a CNA if that is what Plaintiff wanted.

58.   Plaintiff received medical clearance to return to work for no more than 24 hours a week and came back on June 21, 2018 with Defendant.

59.   Plaintiff completed that shift and received a call from Patricia Feldman indicating to me that it was a mistake that Plaintiff got added to the schedule.

60.   Plaintiff was told that she was not going to be working at Defendant and that they would find her somewhere else to work within the MidCoast Hospital.

61.   Plaintiff received a telephone call from Colleen Farrell indicating that they had no other positions for her at MidCoast and she wished me good luck.

62.   Plaintiff was terminated from her employment with Defendant on July 5, 2018.

63.   Plaintiff was not offered and other accommodation for her mental conditions.

## Count 1

### Maine Human Rights Act: Disability Discrimination

64. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

65. Plaintiff is a member of a protected class in that she has a disability.

66. Plaintiff suffers from mental illness.

67. Defendant was on notice about Plaintiff's disability.

68. Plaintiff was able to perform the essential functions of her position.

69. Plaintiff made clear to Defendant that she required reasonable accommodations in her job for her disability.

70. Defendant refused to give Plaintiff a reasonable accommodation.

71. Defendant terminated Plaintiff because of her disability.

72. Plaintiff's disability was the motivating factor behind her termination.

73. Plaintiff's disability was the motivating factor behind Defendant's unwillingness to follow through in finding her an alternative position.

74. As a result of the discriminatory treatment, Plaintiff suffered damages.

75. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

76. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

77. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.    Declare Defendant's actions unlawful;

b.    Award Plaintiff damages;

c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.    Award all allowable penalties, nominal and statutory damages; and

f.    Such further relief as the Court deems proper and just.

## Count 2

### Maine Human Rights Act: Racial Discrimination

78.    Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

79.    Plaintiff is a member of a protected class in that she is African American.

80.    Plaintiff satisfactorily preformed all of her job duties.

81.    Defendant terminated Plaintiff's employment.

82.    Defendant showed a preference for white employees over Plaintiff.

83.    As a result of the discriminatory treatment, Plaintiff suffered damages.

84.    Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.

85.    Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.

86.     Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      Declare Defendant's actions unlawful;

b.      Award Plaintiff damages;

c.      Award Plaintiff reasonable attorney's fees, costs, and interest;

d.      Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.      Award all allowable penalties, nominal and statutory damages; and

f.      Such further relief as the Court deems proper and just.

### Count 3

### Violation of 5 M.R.S.A §§4572(E); 4633(1)

87.     Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

88.     Plaintiff was unlawfully discriminated against because she reported conduct that she reasonably believed to be unlawful employment discrimination in violation of the Maine Human Rights Act, as well as participated in related investigations.

89.     Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      Declare Defendant's actions unlawful;

b.      Award Plaintiff damages;

c.      Award Plaintiff reasonable attorney's fees, costs, and interest;

d.      Award all allowable penalties, nominal and statutory damages; and

e.      Such further relief as the Court deems proper and just.

## Count 4

### State Family Medical Leave Act, 26 M.R.S.A. §843, et seq.

90.     Plaintiff realleges and incorporates by reference the allegations set forth in the
paragraphs above.

91.     Defendant is an employer subject to the Family Medical Leave Act and Plaintiff
was at all times an eligible employee.

92.     Plaintiff was granted medical leave by Defendant due to her serious health
condition.

93.     By harassing Plaintiff during her medical leave and essentially requiring her to
return to work and marking her as a call out/no show during her medical leave
Defendant violated the Maine Family Medical Leave Act.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in
favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.      Declare Defendant's actions unlawful;

b.      Award Plaintiff damages;

c.      Award Plaintiff reasonable attorney's fees, costs, and interest;

d.      Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and
front pay;

e.      Award all allowable penalties, nominal and statutory damages; and

f.     Such further relief as the Court deems proper and just.

## Count 5

### Federal Family Medical Leave Act, 29 U.S.C §2611, et seq.

94.     Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

95.     At all times material to this complaint Plaintiff was and "eligible employee" as defined by 29 U.S.C. §2611(2)(A), and Defendant was an "employer" under the Federal Family Medical Leave Act.

96.     Plaintiff requested and was granted medical leave due to her serious health condition.

97.     By committing the acts described above, including requiring Plaintiff to return work while out on medical leave and marking Plaintiff as a call out/no show, Defendant unlawfully intentionally interfered with Plaintiff's rights in violation of 29 U.S.C. §2615, et al.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a.     Declare Defendant's actions unlawful;

b.     Award Plaintiff damages;

c.     Award Plaintiff reasonable attorney's fees, costs, and interest;

d.     Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e.     Award all allowable penalties, nominal and statutory damages; and

f.     Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 3rd day of June, 2020.

By: Nichols & Churchill, PA

Sarah A. Churchill, Esq.
Maine Bar No. 9320
Attorney for Plaintiff

NICHOLS & CHURCHILL, PA
1250 Forest Avenue
Suite 10
Portland, ME 04103
(207)879-4000
schurchill@nicholschurchill.com

12

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    DOCKET NO. CV-20-235


LISA GOODMAN,                          )
                                       )
    Plaintiff,                         )
                                       )        **CONSENTED-TO MOTION TO**
  v.                                   )        **EXTEND TIME FOR DEFENDANT TO**
                                       )        **ANSWER PLAINTIFF'S COMPLAINT**
MIDCOAST SENIOR HEALTH,                )
                                       )
    Defendant.                         )


      NOW COMES the Defendant, MidCoast Senior Health ("MidCoast" or "Defendant"), and files this Motion for Extension of Time, and hereby moves the Court to extend the deadline for Defendant to answer, move, or otherwise respond to Plaintiff's Complaint.

      Plaintiff filed this action against Defendant in the Cumberland County Superior Court on or about June 3, 2020. Defendant accepted service of the Summons and Complaint on August 27, 2020 by the signing of an Acceptance of Service. Defendant's Answer is now due on September 16, 2020.

      The parties have engaged in settlement discussions which they intend to continue. In order to permit the parties to continue their settlement discussions with the goal of resolving the case prior to motion practice and further litigation expense, Defendant requests that the deadline for Defendant's response to Plaintiff's Complaint be extended by 14 days to **September 30, 2020**. This extension is for good cause and is not the result of any neglect, excusable or otherwise, of any party to this case. In addition, no party will be prejudiced by this extension. Plaintiff's counsel also consents to this extension of time

1

WHEREFORE, the Defendant respectfully requests that the Court enter an order enlarging the time for Defendant to answer, move, or otherwise respond to Plaintiff's Complaint to **September 30, 2020**. Plaintiff's counsel consents to this Motion.

Dated this 1st day of September, 2020.

/s/ Tara A. Walker
Tara A. Walker, Esq. (Bar No. 5099)
BERNSTEIN SHUR
100 Middle Street; PO Box 9729
Portland ME 04104-5029
207-774-1200
twalker@bernsteinshur.com

Attorney for Defendant
Counsel for MidCoast Senior Health

**NOTICE**

**PURSUANT TO RULE 7(C) OF THE MAINE RULES OF CIVIL PROCEDURE,  ANY MATTER IN OPPOSITION TO THIS MOTION MUST BE FILED NOT LATER  THAN TWENTY-ONE (21) DAYS AFTER THE FILING OF THIS MOTION UNLESS ANOTHER TIME IS PROVIDED BY THE RULES OR SET BY THE COURT.  FAILURE TO FILE TIMELY OPPOSITION TO THIS MOTION WILL BE DEEMED A WAIVER OF ALL OBJECTIONS TO THIS MOTION, WHICH MAY BE GRANTED WITHOUT FURTHER NOTICE OR HEARING.**

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    DOCKET NO. CV-20-235


LISA GOODMAN,                         )
                                      )
            Plaintiff,                )
                                      )        **(PROPOSED) ORDER ON**
 v.                                   )        **CONSENTED-TO MOTION TO**
                                      )        **EXTEND TIME FOR DEFENDANT TO**
MIDCOAST SENIOR HEALTH,               )        **ANSWER PLAINTIFF'S COMPLAINT**
                                      )
            Defendant.                )
                                      )


        Upon the Motion of Defendant, MidCoast Senior Health ("Defendant"), the Court

GRANTS Defendant's Consented-to Motion for additional time to respond to Plaintiff's

Complaint and extends the deadline accordingly to September 30, 2020.  The clerk is instructed

to incorporate this Order by reference on the docket pursuant to M.R. Civ. P. 79(a).



Date: _____          _____
                                        Justice, Maine Superior Court




3

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    DOCKET NO. CV-20-235

LISA GOODMAN,                          )
                                       )
          Plaintiff,                   )
                                       )        (PROPOSED) ORDER ON
     v.                                )        CONSENTED-TO MOTION TO
                                       )        EXTEND TIME FOR DEFENDANT TO
MIDCOAST SENIOR HEALTH,                )        ANSWER PLAINTIFF'S COMPLAINT
                                       )
          Defendant.                   )
                                       )

       Upon the Motion of Defendant, MidCoast Senior Health ("Defendant"), the Court

GRANTS Defendant's Consented-to Motion for additional time to respond to Plaintiff's

Complaint and extends the deadline accordingly to September 30, 2020. The clerk is instructed

to incorporate this Order by reference on the docket pursuant to M.R. Civ. P. 79(a).

Date: _____          _____
                                        Justice, Maine Superior Court

REC'D CUMB CLERKS OF(
SEP 8 '20 PM4:30